# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2015

No. 14-31349

Lyle W. Cayce
Clerk

JOHN MANTIPLY, individually and on behalf of Casey Adam Mantiply;
MELISSA SUE MANTIPLY, individually and on behalf of Casey Adam
Mantiply,

        Plaintiffs - Appellees

v.

UNITED STATES OF AMERICA, Department of Veterans Affairs,

        Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:10-CV-1855

Before SMITH, WIENER, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:*

John Mantiply and Melissa Sue Mantiply, individually and on behalf of
their son, Casey Adam Mantiply (the "Plaintiffs"), sued the U.S. Department
of Veterans Affairs (the "VA" or "Defendant") under the Federal Tort Claims
Act ("FTCA"), 28 U.S.C. § 1346(b). The district court determined that the
operating surgeon was an employee of the Defendant for purposes of liability

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-31349

and awarded damages and costs to the Plaintiffs. For the following reasons, we **REVERSE** and **RENDER JUDGMENT** in favor of the Defendant.

## FACTS AND PROCEDURAL HISTORY

The Plaintiffs' action seeks damages in connection with John Mantiply's knee surgery. Dr. Joseph Hoffman performed the surgery at the Veterans Affairs Medical Center in Pineville, Louisiana (the "VAMC"). The issue before the district court was whether Dr. Hoffman qualified as an independent contractor or an employee for purposes of the FTCA.

The Defendant contracted with CHG Companies ("CHG") for $459,409.60 per year for physician services, and CHG insured itself for any potential liability. The contract between the VA and CHG provides that the contractor will provide all professional liability insurance, services, lodging, transportation, and associated expenses (e.g. worker's compensation, health examinations, income tax withholding and social security payments) for the contract period. The contract states that the parties agree that the contractor shall not be considered a VA employee for any purpose. The contract also states that the Defendant may evaluate the quality of professional and administrative services provided; but retains no control over the medical, professional aspects of services rendered (e.g., professional judgments, diagnosis for specific medical treatment).

CHG engaged Dr. Hoffman on an independent contractor basis and assigned him to the VAMC. The contract between CHG and Dr. Hoffman states that Dr. Hoffman is an independent contractor and specifies that he is not an employee of CHG or any of its clients. Dr. Hoffman did not contract directly with the Defendant, and he did not personally agree to indemnify the Defendant for his acts or omissions. As compensation, Dr. Hoffman received a portion of the fee paid by the Defendant to CHG. CHG agreed to furnish Dr. Hoffman with medical malpractice insurance. The contract stated, however,

2

No. 14-31349

that CHG would not pay for social security, workers' compensation, unemployment insurance, or health and accident insurance.

The Defendant instructed Dr. Hoffman as to how many patients he would see each day, when he would perform surgeries, when he would perform clinic duties, and where he would perform surgeries and procedures. The Defendant also instructed Dr. Hoffman as to the type of information he was expected to obtain from patients and the extent to which he was required to explain risks, benefits, and procedures to patients. Additionally, Dr. Hoffman was not allowed to hire his own staff and assistants and was required to maintain certain computer capabilities to work within the hospital's system.

## STANDARD OF REVIEW

"We review *de novo* a district court's finding that an individual is an employee of the Government under the FTCA." *Creel v. United States*, 598 F.3d 210, 213 (5th Cir. 2010).

## ANALYSIS

"'[T]he United States, as sovereign, is immune from suits save as it consents to be sued. . . .'" *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993)). Pursuant to the FTCA, "Congress has waived sovereign immunity and has granted consent for the government to be sued for acts committed by any 'employee of the Government while acting within the scope of his office or employment.'" *Id.* (quoting 28 U.S.C. § 1346(b)). "The FTCA, however, does not cover acts committed by independent contractors." *Id.* at 275.

This court stated in *Linkous* that "[t]he critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed

3

No. 14-31349

physical performance of the individual." 142 F.3d at 275. The Restatement

factors, utilized by the court when faced with a contract physician issue,

include:

> (a) the extent of control which, by the agreement, the master may exercise over the details of the work;
> (b) whether or not the one employed is engaged in a distinct occupation or business;
> (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;
> (d) the skill required in the particular occupation;
> (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;
> (f) the length of time for which the person is employed;
> (g) the method of payment, whether by the time or by the job;
> (h) whether or not the work is a part of the regular business of the employer;
> (i) whether or not the parties believe they are creating the relation of master and servant; and
> (j) whether the principal is or is not in business.

*Creel*, 598 F.3d at 213-14 (quoting RESTATEMENT (SECOND) OF AGENCY § 220

(1958)).[1] These factors were also utilized by the court in other similar physician

cases and in each case this court found that the contracted physician was not

an employee of the government for purposes of the FTCA. *See, e.g., Peacock v.*

*United States*, 597 F.3d 654, 659-60 (5th Cir. 2010) (cardiologist employed by

a university which supplied his services to VA by contract was an independent

contractor); *Linkous*, 142 F.3d at 271-78 (obstetrician who contracted directly

with Army hospital was an independent contractor); *Broussard*, 989 F.2d at

---

[1] In contract physician cases, this Circuit utilizes the Restatement factors and not those utilized in *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 109 S. Ct. 2166, 104 L. Ed. 2d 811 (1989).

173 (emergency room physician employed by staffing company that supplied his services to an Army hospital was an independent contractor).

Here, Dr. Hoffman was an independent contractor. The contracts between the Defendant and CHG and Dr. Hoffman and CHG refer to him as an independent contractor. These two agreements provide further evidence that there was no employer-employee relationship. Moreover, Dr. Hoffman was not on the government payroll as a federal employee. Rather, CHG paid his compensation and provided the government with proof of liability insurance. While it is true that the VAMC oversaw Dr. Hoffman's hours and required that he tell patients about the risks and benefits of procedures, the Defendant's actions do not rise to the level of "control" that would distinguish this case from similar cases. The control exercised by the VAMC was on an administrative level only and did not include Dr. Hoffman's medical judgment. Dr. Hoffman was an orthopedic surgeon engaged in a distinct profession requiring a high degree of skill.

Furthermore, our holding is in line with the holdings of other circuits. *See Robb v. United States*, 80 F.3d 884, 890 (4th Cir. 1996) ("The circuits have consistently held that physicians either in private practice or associated with an organization under contract to provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes."); *Carrillo v. United States*, 5 F.3d 1302, 1304 (9th Cir. 1993) ("The circuit courts are unanimous in holding that a contract physician is not an employee of the government under the FTCA.").

## CONCLUSION

For the foregoing reasons, we **REVERSE**.